FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 15 2005
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

EDWARD LOVELESS
ADC #130502                                         PLAINTIFF

V.                      4:04CV01240 JMM/JTR

JAMES LEAN, Resource Officer,
Pope County Detention Center, et al.                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated at the Pope County Detention Center ("PCDC"). *See* docket entries #2 and #6. Plaintiff has also filed a Motion for Default Judgment. *See* docket entry #8. For the reasons set forth herein, the Court recommends that: (1) Plaintiff's claims against Defendant Pope County Detention Center, Defendant Pope County, and Defendant Pack be dismissed, without prejudice, pursuant to the screening function mandated by 28 U.S.C. § 1915A; (2) service be ordered as to Defendants James Lean and Jay Winters; and (4) Plaintiff's Motion for Default Judgment be denied.

### I. Background

In his Complaint and Amended Complaint, Plaintiff alleges that, on March 23, 2004, he was transported from the PCDC to the ADC to begin serving his prison sentence. *See* docket entries #2 and #6. Plaintiff contends that, when he was departing the PCDC, Defendant James Lean (the PCDC Resource Officer and driver of the transportation van) refused to transport Plaintiff's personal property including: (1) a Bible containing a list of the phone numbers and addresses of Plaintiff's

friends, family, attorney, and other legal contacts; (2) Plaintiff's legal papers; (3) grievance forms associated with a class action lawsuit Plaintiff has filed against the PCDC; (4) two pairs of eyeglasses; and (5) Plaintiff's I.D., social security card, and credit cards. *Id.* Plaintiff further asserts that he has yet to receive these items and that they were taken in retaliation for him filing the class action lawsuit against the PCDC. *Id.*

## II. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A. **Defendants Pope County Detention Center and Pope County**

A political subdivision, such as a city or county, may not be held vicariously liable under § 1983 for the acts of its employees. *Monell v. Department of Soc. Servs.* 436 U.S. 658 (1978). Instead, a plaintiff seeking to impose § 1983 liability upon a political subdivision must identify an official policy or widespread custom or practice of the political subdivision, implemented or executed by the defendants, that caused plaintiff's injury. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

Plaintiff does not allege in his Complaint or Amended Complaint that the seizure of his property was done in accordance with an official policy or widespread custom of Pope County or the PCDC. Accordingly, those two Defendants should be dismissed from this action, without prejudice.

B. **Defendant Pack**

It is well settled that prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). In this respect, constructive knowledge or the "should-have-known" standard is insufficient to support a finding of deliberate indifference. *See Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998).

In the Complaint and Amended Complaint, Plaintiff alleges that Defendant Pack (the PCDC Transportation Officer) is liable because he "failed to prevent" the unlawful and retaliatory seizure of his personal property by Defendant Lean. However, Plaintiff does not contend that Defendant Pack was aware of, condoned, or authorized Defendant Lean's actions. Accordingly, Defendant Pack should be dismissed from this action, without prejudice.

## C. Defendants James Lean and Jay Winters

As previously mentioned, Plaintiff alleges that Defendant James Lean refused to transport Plaintiff's personal property for retaliatory reasons. Additionally, Plaintiff contends that Defendant Jay Winters (the Pope County Sheriff) is liable because he failed to properly train and supervise Defendant Lean. Construing Plaintiff's allegations liberally, the Court concludes, <u>for screening purposes only</u>, that Plaintiff has stated a cognizable claim for relief against Defendants Winters and Lean. Therefore, the Court recommends that service[1] be ordered upon those two Defendants at this time.[2]

## III. Plaintiff's Motion for Default Judgment

Plaintiff has filed a Motion in which he alleges that he is entitled to default judgment because Defendants have failed to timely respond to his Complaint and Amended Complaint. *See* docket entry #8. Default judgment is clearly not appropriate, at this time, because the Defendants have not yet been served. Accordingly, Plaintiff's Motion for Default Judgment should be denied.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Pope County Detention Center, Defendant Pope County, and Defendant Pack be dismissed, without prejudice, pursuant to the screening function mandated by 28 U.S.C. § 1915A.

---

[1] The Court has previously granted Plaintiff permission to proceed *in forma pauperis*. *See* docket entry #5.

[2] Defendants are advised that the Court has <u>not</u> screened this action for complete exhaustion. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (explaining that: "This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove").

-4-

2. The Clerk be directed to prepare a summons for Defendant James Lean and Defendant Jay Winters, and the United States Marshal be directed to serve a summons, the Complaint (docket entry #2), the Amended Complaint (docket entry #6), this Recommended Partial Disposition, and any Order adopting this Recommended Partial Disposition upon Defendants Lean and Winters without prepayment of fees and costs or security therefor.

3. Plaintiff's Motion for Default Judgment (docket entry #8) be DENIED.

Dated this 15th day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 WEST CAPITOL AVENUE, ROOM 149
LITTLE ROCK, ARKANSAS 72201

**J. THOMAS RAY**                                                                                                        (501) 604-5230
UNITED STATES MAGISTRATE JUDGE                                                                 FAX# 604-5237

June 15, 2005

Mr. Edward Loveless
ADC #130502
Cummins Unit
P.O. Box 500
Grady, AR 71644-0500

      Re:    *Loveless v. Lean, et al.;*
               Case No. 4:04CV01240 JMM/JTR

Dear Mr. Loveless:

      Attached is a Proposed Findings and Recommended Partial Disposition which has been prepared by this office and submitted to United States District Judge James M. Moody.

      Any party may serve and file written objections to this recommendation. Objections should be specific, and should include the factual and legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be <u>received</u> in the office of the United States District Clerk no later than eleven (11) days from the date of this letter. A copy of any objections will be furnished to the opposing party.

      Failure to file timely objections may result in the waiver of the right to appeal questions of fact.

      If you object to the recommendation, and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include "A Statement of Necessity" that contains the following information:

      1.    Why the record is inadequate.

      2.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other nontestimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or the District Judge.

If you decide to file Objections and/or a "Statement of Necessity," please mail them to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, Arkansas 72202-3325

The caption of your case and the case number must be included on the top of any document filed with the Clerk's Office.

Yours truly,

J. Thomas Ray
United States Magistrate Judge

Enclosure

cc: Honorable James M. Moody, United States District Judge
    File