**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

EDWARD LOVELESS
ADC #130502                                                                                PLAINTIFF


V.                                        4:04CV01240 JMM/JTR


JAMES LEAN, Resource Officer,
Pope County Detention Center, et al.                                         DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), has commenced this § 1983 action alleging that Defendants violated his constitutional rights while he was being transported from the Pope County Detention Center ("PCDC") to the Arkansas Department of Corrections.  *See* docket entries #2, #6, #26, and #53.  Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Material Facts.  *See* docket entries #42, #43, and #44.  Plaintiff has filed a Response, a Brief in Support, a Statement of Disputed Facts, and an extra exhibit.  *See* docket entries #52, #57, #58, and #59.  For the reasons set forth herein, the Court recommends that Defendants' Motion for Summary Judgment be granted, and that this case be dismissed, with prejudice.

## II.  Factual Allegations[1]

On March 23, 2004, Defendants PCDC Resource Officer James Lean and PCDC Deputy Officer Stephen Pack arrived at the PCDC and learned that jail staff, who are not named as Defendants in this action, were running late and would not be available to assist Defendants Lean and Pack in preparing eight prisoners for transport from the PCDC to the ADC.  *See* docket entries #43, Dean and Pack Affidavits at Exhibits 1 and 2; docket entry #44; and docket entry #58.  Thus, Defendants Lean and Pack did not have time to search the inmates' personal property bags for contraband prior to departing for the ADC.  *Id.*  Additionally, there was not a secure area within the transport van for Defendants Lean and Pack to place the prisoners' property bags.  *Id.* Accordingly, Defendants Lean and Pack told Plaintiff, and the other inmates, that their property bags would be mailed to them at the ADC.  *Id.*

Defendants Lean and Pack claim that when they returned to the PCDC, they explained the situation to Jail Administrator Captain Terry Bailey (who is not a Defendant in this action) and that they have no idea whether Plaintiff's personal property was ever mailed to him.[2]  *See* docket entries #44 and #43. Plaintiff contends that he never received his personal property, which included:  (1) a Bible containing a list of the phone numbers and addresses of Plaintiff's friends, family, attorney, and other legal contacts; (2) two pairs of eyeglasses; (3) an identification card, credit cards, and a social security card; and (4) legal papers concerning Plaintiff's claim against his parents' estate, his attempts at post-conviction relief in the Arkansas state court, and "grievance forms associated with

---

[1]  Unless otherwise stated, the following factual allegations are undisputed.

[2]  Plaintiff asserts that he does not know what transpired after Defendants Lean and Pack returned to the PCDC.  Also, he questions who was ultimately responsible for assuring that his personal property was mailed to him.  *See* docket entry #58.

a class action lawsuit [against the PCDC] that had been submitted to the ACLU."[3]  *See* docket entry

#2 at 5; docket entry #58.

### III.  Discussion

Defendants have filed a Motion for Summary Judgment in which they argue that they are

entitled to judgment, as a matter of law, on Plaintiff's claims against them.[4]  The Court concludes

that this argument is well taken.

**A.        Claims against Defendants Pack and Lean**

Although it is unclear from his pleadings, it appears that Plaintiff may be raising a due

process property claim, a retaliation claim, and/or an access to the courts claim against Defendants

Pack and Lean.  The Court will analyze each of these claims separately.

**1.        Due Process Property Claim**

It is well settled that a prisoner cannot bring a § 1983 due process claim for the intentional

or negligent loss of his personal property so long as the State provides some sort of remedy, such as

filing a claim before the Arkansas Claims Commission.  *See Hudson v. Palmer*, 468 U.S. 517, 533

---

[3] It is unclear from the pleadings whether the class action lawsuit was ever filed, either before or after Plaintiff submitted it to the ACLU.  In his Complaint, Plaintiff claims that the ACLU assigned a lawyer to the case.  *See* docket entry #2 at 6.  However, it is unclear whether the ACLU, or any individuals, ever pursued the case, and if so, the outcome of any such case.

[4] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists. *See* Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

(1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.  For intentional, as for negligent, deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy"); *Williams v. Campbell*, Case No. 00-3699, 25 Fed. Appx. 477 (8th Cir. Dec. 6, 2001) (unpublished opinion) (holding that the defendants' failure to return the property they seized during a search of a prisoner's cell did not violate the Due Process Clause because a prisoner can file a claim before the Arkansas Claims Commission, pursuant to Ark. Code Ann. § 19-10-204(a))).

Plaintiff has not come forward with any evidence suggesting that he could not seek reimbursement from the Arkansas Claims Commission for the value of his lost personal property. Thus, the Court concludes that Defendants Pack and Lean are entitled, as a matter of law, to summary judgment on Plaintiff's due process/property claim.

## 2.    Retaliation Claim

"Conduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Nei v. Dooley,* 372 F.3d 1003, 1007 (8th Cir.  2004); *Cody v. Weber*, 256 F.3d 764, 770-71 (8th Cir. 2001). The Eighth Circuit has further explained that, "[t]o be actionable, the retaliatory conduct itself need not be unconstitutional because the constitutional violation lies in the intent to impede access to the courts." *Nei*, 372 F.3d at 1007 (emphasis added).

In this case, Plaintiff alleges that Defendants took his personal property in retaliation for him contacting the ACLU about a class action lawsuit against the PCDC.  However, Defendants Pack

and Lean have filed <u>sworn</u> <u>affidavits</u> stating that they were not aware of any such legal action, and

thus, the loss of Plaintiff's personal property could not have been the result of any retaliatory motive.

*See* docket entry #43 at Exhibits 1 and 2.  Defendants Pack and Lean also aver that, at most, the loss

of Plaintiff's property was an isolated incident of negligence.  *Id.*

Further, Plaintiff has failed to come forward with <u>any</u> evidence suggesting that his property

was lost or taken for a retaliatory motive.  Instead, he merely asserts, in his Statement of Disputed

Facts, that it is his "personal belief that the whole Detention Center" knew of the class action lawsuit

submitted to the ACLU because:  (1) at least one PCDC had to inspect a package of legal materials

about the class action before it was sent by Plaintiff to the ACLU; and (2) conditions at the PCDC

improved soon after the package was mailed.

As previously explained to Plaintiff, he cannot – at the summary judgment stage – rely on

mere assertions and, instead, must meet proof with proof to establish that there is a genuine issue of

material fact that must be resolved at trial.[5]  *See* docket entry #45.  Plaintiff has failed to come

forward with <u>any</u> evidence to substantiate his "personal belief" of retaliation.  Thus, the Court

concludes that Defendants Pack and Lean are entitled to judgment, as a matter of law, on Plaintiff's

retaliation claim.

---

[5] On February 27, 2006, the Court entered an Order directing Plaintiff to file a Response to Defendants' Summary Judgment papers.  *See* docket entry #45.  In that Order, the Court explained that: "At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof.  *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include affidavits . . . prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial."

### 3.    Access to the Courts

The First Amendment unquestionably encompasses an inmate's right to access to the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969).  "The right applies not only to the actual denial of access to the courts, but also to situations in which the plaintiff has been denied meaningful access by some impediment put up by the defendant." *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005), *cert. denied*, 126 S.Ct. 1026 (2006); *Alexander v. Macoubrie*, 982 F.2d 307, 308 (8th Cir. 1992).  However, in order to proceed with such a claim, plaintiffs must show that "the defendants acted with some <u>intentional</u> motivation to restrict their access to the courts." *Scheeler*, 402 F.3d at 830 (emphasis added); *see also Whisman v. Rinehart*, 119 F.3d 1303, 1313 (8th Cir. 1997) (explaining that an access to the courts claim requires proof of action "designed to prevent" individuals from using their legal remedies); *Geitz v. Overall*, Case No. 04-3999, 137 Fed. Appx. 927 (8th Cir. Jul. 5, 2005) (unpublished opinion) (holding that the trial court properly denied summary judgment on a prisoner's access to the courts claim because there was some evidence that the defendant "intentionally" interfered with his legal mail).

As previously explained, Defendants Pack and Lean have filed two <u>sworn</u> <u>affidavits</u> explaining that, at most, the loss of Plaintiff's personal property was an isolated incident of negligence.  *See* docket entry #43 at Exhibits 1 and 2.  Although he has been given the opportunity to do so, Plaintiff has failed to come forward with <u>any</u> evidence to refute those allegations or otherwise suggest that Defendants Pack and Lean intended to impede his access to the courts. Accordingly, the Court concludes that Defendants Pack and Lean are entitled to judgment, as a matter of law, on Plaintiff's access to the courts claim.

**B.      Claims Against Defendant Sheriff Jay Winters**

It is well settled that a supervisor may not be held liable, in a § 1983 action, for the constitutional violations of a subordinate on a *respondeat superior* theory.  *Tlamka v. Serrell,*  244 F.3d 628, 635 (8th Cir. 2001); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  Rather, supervisors can be held liable only if they:  (1) directly participated in a constitutional violation; (2) failed to properly supervise and train the offending employee;[6] or (3) created a policy that caused the constitutional violation.  *Id.*; *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004).

In this case, Plaintiff does not contend that Defendant Sheriff Jay Winters was directly involved in the failure to transport his personal property to the ADC.  Additionally, Plaintiff has failed to come forward with <u>any</u> evidence suggesting that the loss of his property was due to Defendant Winters' failure to properly supervise and/or train Defendants Lean and Pack.  Finally, Plaintiff has not presented <u>any</u> evidence indicating that the loss of his personal property was due to a policy instituted by Defendant Winters.  Accordingly, the Court concludes that Defendant Winters is entitled, as a matter of law, to summary judgment on the claim Plaintiff has raised against him.

**IV.  Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion for Summary Judgment (docket entry #42) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

---

[6] This requires a showing that "the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation."  *Wever v. Lincoln County, Nebraska*  388 F.3d 601, 606 (8th. 2004); *Tlamka v. Serrell*, 244 F.3d at 636.  Similarly, the Eighth Circuit has held that "[a] single incident, or a series of isolated incidents, usually will not provide a sufficient basis to assign supervisory liability." *Sanders v. Brewer*, 972 F.2d 920, 923 (8th Cir. 1992); *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989).

2.       The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[7] that an *in forma pauperis*

appeal any from Order and  Judgment adopting this Recommended Disposition would not be taken

in good faith.

Dated this 22nd day of May, 2006.

_____

UNITED STATES MAGISTRATE JUDGE

---

[7] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."